**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIUGUANG ZHU,<br><br>               Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No. 13-71921<br><br>Agency No. A099-420-511<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Qiuguang Zhu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies regarding when Zhu decided to come to the United States, and an omission from his application and initial declaration of being beaten and detained by family planning officials. *See id.* at 1048 (adverse credibility finding reasonable under totality of the circumstances). Zhu's explanations do not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). We reject Zhu's contention that the IJ engaged in speculation. In the absence of credible testimony, Zhu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**